Matter of Monroe v Monroe (2018 NY Slip Op 05765)





Matter of Monroe v Monroe


2018 NY Slip Op 05765


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-08257
 (Docket Nos. V-13032-16/17E, V-13033-16/17E)

[*1]In the Matter of Rachel Monroe, respondent,
v
Christopher Monroe, appellant.


Daniel L. Pagano, Yorktown Heights, NY, for appellant.
Susan Tapper, Bronxville, NY, for respondent.
Gregory A. Salant, White Plains, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated August 10, 2017. The order, after a hearing, granted the mother's petition for permission to relocate with the parties' children to Tennessee.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of two children, born in 2010 and 2011, respectively. In a judgment of divorce dated April 24, 2014, rendered after a trial, the Supreme Court awarded the mother sole legal and physical custody of the children, with the father to have weekly parental access. In February 2017, the mother filed a petition in the Family Court seeking permission to relocate with the children to Tennessee. Following a hearing, the Family Court granted the mother's petition. The father appeals.
The primary focus in deciding a custodial parent's petition for permission to relocate is the best interests of the child (see Matter of Tropea v Tropea, 87 NY2d 727). The party seeking to relocate has the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests, and the court must consider a number of factors, including the potential economic, emotional, and educational enhancement to the lives of the custodial parent and the child resulting from the move (see id. at 740-741; Matter of Tayson v Degraft-Johnson, 157 AD3d 703).
Here, the Family Court's determination granting the mother permission to relocate with the parties' children to Tennessee is supported by a sound and substantial basis in the record. In addressing the mother's petition, the court considered and gave appropriate weight to all of the relevant factors (see Matter of Tropea v Tropea, 87 NY2d at 740), including the degree to which the children's lives may be enhanced financially and educationally by the move.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court